UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Sheppard, # 14016-056, | ) C/A No. 4:14-2707-BHH-TER |
|                 Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| FCI Williamsburg Warden Cruz, | ) |
|                 Respondent. | ) |

This petitioner, Jerry Sheppard ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Williamsburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

1

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

## BACKGROUND

Petitioner is serving a 211-month sentence after pleading guilty in the District Court for the Southern District of Indiana in 2007 to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). Petitioner did not appeal. Petitioner filed a motion to vacate, set aside

2

or correct his sentence pursuant to 28 U.S.C. § 2255 on September 19, 2011, which the sentencing court denied on October 18, 2012. The Seventh Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal from the denial of his § 2255 motion on May 29, 2013. (No. 12-3594).[2]

## DISCUSSION

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec.22, 2000). In this case, Petitioner has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §

---

[2] The Court may take judicial notice of the filings in Petitioner's criminal case and Petition pursuant to § 2255. See generally, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). Additionally, Petitioner acknowledges in his current Section 2241 petitioner that he has previously filed a petition pursuant to Section 2255.

2255 motion." <u>See In re Vial</u>, 115 F.3d at 1194 n. 5 (citations omitted).

Petitioner fails to satisfy criteria set forth by the United States Court of Appeals for the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In <u>In re Jones</u>, 226 F.3d 328 (4th Cir.2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34. This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." <u>Id</u>. at 333 n. 3. Petitioner does not meet these criteria.

The instant Petition fails to demonstrate that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change since his direct appeal or § 2255 motion. Petitioner argues that is actually innocent of the Armed Career Criminal enhancement. However, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. <u>See United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir.2008); <u>see also Whiteside v. United States</u>, 748 F.3d 541, 547 n. 4 (4th Cir.2014) (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit), reh'g granted, No. 13–7152, 2014 WL 3377981 (July 10, 2014); <u>Darden v. Stephens</u>, No. 10–7496, 2011 WL 1625094, at *1–2 (4th Cir. Apr.29, 2011).

4

Accordingly, to the extent that Petitioner argues that he is actually innocent of being an armed career criminal, he fails to state a cognizable § 2241 claim. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context  of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).  As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, this matter should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 17, 2014
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).